### In re FLOWER.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

ATTORNEY AND CLIENT (§ 38*)—MISCONDUCT OF ATTORNEY—DISBARMENT.
Attorney *held* guilty of such misconduct as required disbarment.
[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 38.*]

Petition by the Bar Association of the City of New York to discipline Jewell Flower, an attorney. Application granted, and respondent disbarred.

See, also, 135 App. Div. 924, 120 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Jewell Flower, pro se.

PER CURIAM. The official referee, to whom this matter was referred, has reported that the respondent received on the 16th of October, 1906, from one Forbes, the sum of $500, upon the express agreement that the respondent was to hold that sum as trustee until a certain mortgage on real property was delivered to the said Forbes in accordance with the provisions of a certain contract which had previously been entered into between said Forbes and one Thomson, when the respondent should then pay the said sum of $500 to the said Thomson; that the respondent, instead of holding the said money as agreed, without the knowledge or consent of Forbes, converted the same to his own use, although the provisions of the contract had not been complied with. These facts are substantially undisputed; the respondent's contention being that, after he had received this sum of $500, he was informed by Forbes that he and Thomson had settled the matter, and that Forbes directed the respondent to deliver the money to Thomson. It was conceded that Thomson owned no property, and the whole scheme was a very palpable device to swindle Forbes, in which the respondent seems to have been an active participant.

We entirely agree with the referee that it was gross professional misconduct for the respondent, having received this money as trustee to be held for a specific purpose, to appropriate it to his own use, and that his alleged subsequent authority from Forbes to pay the money to Thomson without compliance with the terms of the trust upon which it was deposited with him is not even plausible. The respondent would not have been justified in paying the money to Thomson without some express authority from Forbes, or the return of the receipt specifying the terms upon which the money was deposited. Assuming that he paid some part of this money to Thomson, he does not pretend that he paid it all. When the conditions upon which the money had been deposited with him had not been performed, this payment was of itself an express violation of the agreement under which he had received it. Considering the whole testimony, we are entirely satisfied with the report of the referee, and constrained to the conclusion that the respondent is an entirely unfit person to remain a member of the profession.

The application is therefore granted, and the respondent disbarred.